| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **EASTERN DISTRICT OF CALIFORNIA** |

| ANDREW HOWELL, | CASE NO. 1:18-CV-01404-AWI-BAM |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| LEPRINO FOODS COMPANY; LEPRINO FOODS DAIRY PRODUCTS COMPANY, | (Doc. Nos. 26, 29, 38) |
| Defendants. | |

## I. Introduction

In this lawsuit an employee is suing his two employers for violating California's wage-and-hour laws. The employee is Plaintiff Andrew Howell ("Plaintiff"). The two employers are Defendant Leprino Foods Company and Defendant Leprino Foods Dairy Productions Company (collectively "Defendants"). Before the Court is Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). Because a motion under Rule 12(c) is functionally identical to a motion under Rule 12(b)(6), the same standard of review applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). The non-moving party's allegations are accepted as true, and all reasonable inferences are drawn in the non-moving party's favor. Hines v. Youseff, 914 F.3d 1218, 1227 (9th Cir. 2019); Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005). Any allegations made by the moving party that have been denied or contradicted are assumed to be false. See MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006); Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

Although Rule 12(c) does not mention leave to amend, courts may grant a Rule 12(c) motion with leave to amend. See Gregg v. Department of Public Safety, 870 F.3d 883, 887, 889 (9th Cir. 2017); Pacific W. Grp. v. Real Time Solutions, 321 Fed. Appx. 566, 569 (9th Cir. 2008). The court need not grant leave to amend when doing so would be futile and the deficiencies in the complaint could not be cured by amendment. See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006); see also Gregg, 870 F.3d at 887.

Although Rule 12(c) "does not expressly authorize 'partial' judgments, neither does it bar them; it is common practice to apply Rule 12(c) to individual causes of action." Mays v. Wal-Mart Stores, Inc., 354 F.Supp.3d 1136, 1141 (C.D. Cal. 2019); Cornejo v. Ocwen Loan Serv'g LLC, 151 F.Supp.3d 1102, 1107 (E.D. Cal. 2015); Carmen v. San Francisco Unified School Dist., 982 F.Supp. 1396, 1401 (N.D. Cal. 1997).

Judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment under Rule 56. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

### III. Facts

According to Plaintiff's allegations in the complaint, Defendants are two food processor companies with a food processing plant in Tracy, California. Defendants employed a class of hundreds or thousands of individuals, including Plaintiff, to work at the plant. Defendants paid these employees (hereafter the "Class") an hourly-wage. Defendants required the Class to wear sanitary gear during their work shifts. The sanitary gear included plastic aprons, smocks, hairnets, and gloves. The Class spent a substantial amount of time donning the sanitary gear before their work shifts, but Defendants did not pay the Class for this "donning" time. After the Class donned their sanitary gear, the Class spent time walking to and from the production lines where they performed their work, but Defendants did not pay the Class for this "travel" time. During the work shifts, Defendants did not provide the Class with legally-compliant rest breaks and meal breaks. After the Class ended their work shifts, the Class spent a substantial amount of time doffing their sanitary gear, but Defendants did not pay the Class for this "doffing" time.

Based on the foregoing allegations, Plaintiff filed this lawsuit on April 24, 2018, pleading the following causes of action against Defendants:

1. <u>Failure to pay minimum wages</u> in violation of California Labor Code § 1194 and California Industrial Welfare Commission Wage Order No. 8 ("Wage Order No. 8"), Cal. Code Regs. tit. 8, §§ 11080;
2. <u>Failure to compensate for all hours worked</u> in violation of California Labor Code § 204;
3. <u>Failure to pay overtime wages</u> in violation of California Labor Code § 510 and Wage Order No. 8;
4. <u>Failure to provide legally-compliant meal breaks and rest breaks</u> in violation of California Labor Code §§ 226.7, 512, and Wage Order No. 8;
5. <u>Failure to pay wages upon termination of employment</u> in violation of California Labor Code §§ 201, 202, and 203;
6. <u>Failure to provide accurate itemized wage statements</u> in violation of California Labor Code § 226; and
7. <u>Engaging in unfair competition</u> under California Business & Professions Code § 17200 et seq. ("UCL") by failing to (i) pay minimum wages, (ii) compensate for all hours worked, (iii) provide legally-compliant meal breaks and rest breaks, and (iv) pay wages upon termination of employment.

Premised on the foregoing causes of action, Plaintiff prayed for damages, penalties, restitution, and injunctive relief.

Defendants filed an answer to Plaintiff's complaint. Defendants then moved the Court for judgment on the pleadings pursuant to Rule 12(c), and that motion is now before the Court. See Doc. No. 26.

## IV. Defendants' Motion

### A. <u>Request for judicial notice.</u>

At the outset, the Court will address Defendants' multiple requests for judicial notice. See Doc. Nos. 29, 38. Defendants ask the Court to take judicial notice of the following four

documents.  First, "Exhibit A," which Defendants assert is a collective bargaining agreement between Leprino Foods Company and General Teamsters Local #439, dated January 1, 2013, through December 31, 2017.  Second, "Exhibit B," which Defendants assert is a collective bargaining agreement between Leprino Foods Company and General Teamsters Local #439, dated January 1, 2018, through December 31, 2022.  Third, a document titled, "Western Conference of Teamsters Pension Trust, Certification of Complete Severance and Termination of Employment," which, according to Defendants, identifies the date that Plaintiff's employment with Defendants was terminated, March 9, 2015.  Fourth, another "Exhibit A," which is a judicial order from this Court in Perez v. Leprino Foods Company, Case No. 1:17-cv-00686-AWI-BAM, wherein the Court ruled on a motion to dismiss.

Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  However, courts "cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed."  Cal. Sportfishing Prot. All. v. Shiloh Grp., LLC, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017).

As for the collective bargaining agreements, Exhibit A and Exhibit B, the Court will take judicial notice of the facts that the collective bargaining agreements exist and say what they say.  This is because, first, Plaintiff does not dispute the authenticity or accuracy of the collective bargaining agreements, see Doc. No. 35 at 8, and, second, "[c]ourts routinely take judicial notice of the governing collective bargaining agreement where necessary to resolve issues of preemption."  Johnson v. Sky Chefs, Inc., 2012 WL 4483225, at *1 n.1 (N.D. Cal. Sept. 27, 2012).

As for the "Certification of Complete Severance and Termination of Employment," Exhibit C, the Court declines to take judicial notice.  Defendants want the Court to take judicial notice of the document's contents because, according to Defendants, the contents identify the date of Plaintiff's employment termination, March 9, 2015.  However, the accuracy of the document's

4

contents as to Plaintiff's employment termination date can reasonably be questioned, which in turn means Plaintiff's employment termination date cannot be accurately determined from the contents of the document alone. See, e.g., United States v. Zander, 624 F. App'x 563, 564 n.1 (9th Cir. 2015) (denying request for judicial notice of a fact that was not generally known in the district and whose accuracy could be reasonably questioned). This point is illustrated by the fact that Defendants provided the Court with a declaration from Cristela Hernandez, a human resources employee of Leprino Foods Company, that attempts to authenticate, explain, and verify the contents of the document. See Doc. No. 28.

As for the Court's order in Perez v. Leprino Foods Company, Case No. 1:17-cv-00686-AWI-BAM, the Court takes judicial notice of the order. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

**B.     Overtime wages claim.**

Defendants argue that Plaintiff's Labor Code overtime wages claim should be dismissed because Plaintiff's overtime wages are not governed by the Labor Code but, instead, are governed by a collective bargaining agreement between Defendants and Teamsters Local #439 union, of which Plaintiff was a member. Plaintiff does not oppose Defendants' argument. See Doc. No. 35 at 8. Because of Plaintiff's non-opposition, the Court will grant judgment in Defendants' favor on Plaintiff's Labor Code overtime wages claim (i.e., third cause of action).

**C.     Statute of limitations for remaining Labor Code claims.**

Defendants assert that Plaintiff filed this lawsuit more than three years after Plaintiff's employment was terminated and Plaintiff's Labor Code claims accrued. Based on this assertion, Defendants argue that Plaintiff's Labor Code claims should be dismissed because they are barred by the applicable statute of limitations, which is three-years for claims seeking damages and one-year for claims seeking penalties.

A statute of limitations is a "law that bars claims after a specified period." Statute of Limitations, Black's Law Dictionary (11th ed. 2019). A statute of limitations "establish[es] a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury

occurred or was discovered)." Id.  A statute of limitations is "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." Order of R.R. Telegraphers v. Railway Express Agency, 321 U.S. 342, 348-49 (1944).  A claim that is filed after the running of the statute of limitations may be dismissed under Rule 12(b)(6) and, by extension, Rule 12(c) if "the running of the statute is apparent from the face of the complaint." Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 119 (9th Cir. 1980); see also Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995); Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009) (noting that the practical effect of addressing a statute of limitations defense under Rule 12(c) is the same as addressing it under Rule 12(b)(6)); Consiglio v. Brown, 2019 WL 2153138, at *2 (E.D. Cal. May 17, 2019) (applying Rule 12(b)(6) standard to statute of limitations defense made under Rule 12(c)), report and recommendation adopted, 2019 WL 6338117 (E.D. Cal. Nov. 27, 2019) (Ishii, J.).

California has a three-year statute of limitations for claims "upon liability created by statute, other than a penalty or forfeiture." Cal. Civ. Proc. Code § 338.  California has a one-year statute of limitations for claims "upon a statute for a penalty." Id. at § 340.  Consequently, Plaintiff's Labor Code claims for damages and penalties — which are not to be confused with Plaintiff's UCL claim for restitution and an injunction (i.e., seventh cause of action) — are subject to a three-year statute of limitations for damages and a one-year statute of limitations for penalties. See Montecino v. Spherion Corp., 427 F. Supp. 2d 965, 967 (C.D. Cal. 2006) (three-year statute of limitations for claims under §§ 201, 202, and 203); Murphy v. Kenneth Cole Prods., Inc., 40 Cal. 4th 1094, 1099 (2007) (three-year statute of limitations for claims under §§ 1194, 226.7); Naranjo v. Spectrum Sec. Servs., Inc., 40 Cal. App. 5th 444, 468 (2019) (one-year statute of limitations for penalty claim under § 226); Aubry v. Goldhor, 201 Cal. App. 3d 399, 405 (1988) (three-year statute of limitations for claim under § 510).  See also Cortez v. Purolator Air Filtration Prod. Co., 23 Cal. 4th 163, 176 (2000) (distinguishing between "damages" under the Labor Code and "restitution" under the UCL).

Based on the assertions and evidence offered by Defendants and Plaintiff — but not based on the allegations in the complaint — Defendants are likely correct: Plaintiff filed his complaint more than three years after his employment was terminated and his Labor Code claims accrued. This fact appears to be undisputed: (1) it was asserted and supported with evidence by Defendants in the motion brief; (2) it was implicitly admitted to by Plaintiff in the opposition brief;[1] and (3) it does not appear to contravene any of the allegations and Plaintiff-friendly inferences drawn from the complaint. But, as previously alluded to, the fact that Plaintiff filed this lawsuit more than three years after his Labor Code claims accrued is not plainly evident from the complaint. This is largely because the complaint, perhaps deliberately, omitted allegations as to when Plaintiff's employment was terminated. As a result, judgment on Plaintiff's Labor Code claims is not appropriate under Rule 12(c). See U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc., 720 F.3d 1174, 1178 (9th Cir. 2013) ("A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint.") (citations omitted); Chilcott v. Erie Cty. Prison, 774 F. App'x 99, 101 (3d Cir. 2019) ("Furthermore, a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense.") (citations omitted).

However, judgment in Defendants' favor on the statute of limitations defense to Plaintiff's Labor Code claims may be appropriate upon converting Defendants' Rule 12(c) motion into a Rule 56 summary judgment motion. Rule 12(d) governs the procedure for that conversion, stating that if matters outside the pleadings are presented to the Court, which is what Defendants have done here, then the motion may be treated as one for summary judgment under Rule 56 if all parties are given a reasonable opportunity to present all the material that is pertinent to the motion. See Fed. R. Civ. Pro. 12(d). See also Francis v. F.B.I., 203 F.3d 830 (9th Cir. 1999) (stating that the non-moving party "must be sufficiently aware of the conversion and receive a reasonable

---

[1] In Plaintiff's opposition brief, Plaintiff never disputed the fact that he filed his claims more three years after his employment was terminated. Instead, Plaintiff argued that his claims are subject to a four-year statute of limitations, not a three-year statute of limitations.

7

opportunity to present responsive evidence" before a court may convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56).

Solely with respect to Defendants' statute of limitations defense, the Court elects to convert Defendants' Rule 12(c) motion into a Rule 56 summary judgment motion. Plaintiff and Defendants will be provided with an opportunity to present evidence and concise briefing on the issue of whether Plaintiff's Labor Code claims are barred by the applicable statute of limitations, which is three-years for damages claims and one-year for penalty claims.

**D.     Standing for injunctive relief.**

Plaintiff seeks an injunction that orders Defendants to stop violating the Labor Code. Plaintiff seeks the injunction pursuant to the UCL, which states that the court may "make such orders or judgments . . . as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition . . . or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203. Defendants argue that, under Rule 12(c), judgment should be entered in Defendants' favor on Plaintiff's request for injunctive relief because Plaintiff does not have standing to seek injunctive relief. According to Defendants' assertions and evidence, Plaintiff is no longer employed by Defendants, which in turn means Plaintiff does not have standing to seek injunctive relief against Defendants.

Article III standing "is the threshold issue in any suit." Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) (citations omitted). "As we know from the oft-repeated passages in Lujan, standing requires that (1) the plaintiff suffered an injury in fact, i.e., one that is sufficiently 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,' (2) the injury is 'fairly traceable' to the challenged conduct, and (3) the injury is 'likely' to be 'redressed by a favorable decision.'" Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

"[F]ormer employees lack standing to seek injunctive relief to ensure their former employer's compliance with the California Labor Code." Perez v. Leprino Foods Co., 2018 WL 1426561, at *6 (E.D. Cal. Mar. 22, 2018) (Ishii, J.) (citing cases). See also Wal-Mart Stores, Inc.

v. Dukes, 564 U.S. 338, 364 (2011) (indicating that former employees lack standing to seek prospective injunctive relief against their former employers); Ellis v. Costco Wholesale Corp., 657 F.3d 970, 988 (9th Cir. 2011) ("As the Supreme Court explained, only current employees have standing to seek injunctive relief.") (citing Wal-Mart Stores, Inc., 564 U.S. at 363-64; Guerrero v. Halliburton Energy Servs., Inc., 231 F. Supp. 3d 797, 809 (E.D. Cal. 2017) (O'Neill, J.) (ruling that former employee lacks standing to pursue injunctive relief under the UCL against the former employer). Here, based on the assertions and evidence presented by Defendants and Plaintiff — but not based on the allegations in the complaint — Defendant is likely correct: Plaintiff is not currently employed by Defendants, which in turn means that Plaintiff lacks standing to pursue injunctive relief under the UCL against Defendants.

However, Defendants' attack on Plaintiff's standing was unsoundly framed under Rule 12(c). See Rogers v. United States, 95 Fed. Cl. 513, 514 (2010) (stating that "because standing is a jurisdictional issue, the proper motion is one to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)," not Rule 12(c)). As previously stated, Article III standing is a threshold jurisdictional issue in every federal lawsuit. It is Rule 12(b)(1) that addresses whether the court has subject-matter jurisdiction, not Rule 12(c). Under Rule 12(b)(1), a claim will be dismissed if the federal court lacks subject-matter jurisdiction over the claim. Fed. Rule Civ. Pro. 12(b)(1). A motion made under Rule 12(b)(1) can wage either a factual attack or facial attack on the court's subject matter jurisdiction. Whereas a facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction," a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (citations omitted). Here, by introducing evidence outside the complaint as to Plaintiff's non-employed status (e.g., the "Certification of Complete Severance and Termination of Employment"), which the Court can consider and has considered for purposes of Defendants' jurisdictional challenge, Defendants have waged a factual attack.

When a federal court's subject-matter jurisdiction is challenged, the burden is on the party invoking the court's jurisdiction to establish subject-matter jurisdiction. Lujan v. Defenders of

Wildlife, 504 U.S. 555, 561 (1992). When a challenge is made by a factual attack, the plaintiff has "an affirmative obligation to support jurisdictional allegations with proof." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 614 (9th Cir. 2016). Because Defendants did not initially frame the jurisdictional challenge under Rule 12(b)(1), the Court will now construe the challenge as being made under Rule 12(b)(1), and the Court will delay ruling on the challenge until Plaintiff has been given an opportunity to present proof and concise briefing as to whether he is currently employed by Defendants.

# ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 12(c), judgment is GRANTED in Defendants' favor on Plaintiff's overtime wages claim (i.e., third cause of action);

2. Solely with respect to Defendants' statute of limitations defense to Plaintiff's remaining Labor Code claims (i.e., first, second, fourth, fifth, and sixth causes of action), Defendants' motion is converted into a Rule 56 summary judgment motion, and the parties shall comply with the following summary judgment briefing schedule:

    a. Plaintiff shall file an opposition or non-opposition by February 24, 2020;

    b. Defendants may file a reply to Plaintiff's opposition by March 2, 2020;

    c. Solely with respect to the foregoing briefing schedule, the Court's Local Rules for filing a "Statement of Undisputed Facts" and "Statement of Disputed Facts," see L.R. 260(a)-(b), need not apply;

3. Solely with respect to Defendants' factual attack on Plaintiff's standing for injunctive relief, which the Court construes as a Rule 12(b)(1) motion, the parties shall comply with the following briefing schedule:

    a. Plaintiff shall file an opposition or non-opposition by February 24, 2020;

    b. Defendants may file a reply to Plaintiff's opposition by March 2, 2020.

///
///
///

IT IS SO ORDERED.

Dated:   February 12, 2020

_____
SENIOR DISTRICT JUDGE