# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HOWELL,<br><br>Plaintiff,<br><br>v.<br><br>LEPRINO FOODS COMPANY;<br>LEPRINO FOODS DAIRY PRODUCTS COMPANY,<br><br>Defendants. | CASE NO. 1:18-CV-01404-AWI-BAM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFF'S INJUNCTIVE RELIEF CLAIM<br><br>(Doc. Nos. 26, 29, 38, 53) |

## I. Introduction

In this lawsuit an employee is suing his two employers for violating California's wage-and-hour laws. The employee is Plaintiff Andrew Howell ("Plaintiff"), and the two employers are Defendant Leprino Foods Company and Defendant Leprino Foods Dairy Productions Company (collectively "Defendants"). In his complaint, Plaintiff pleaded the following California Labor Code claims against Defendants: (1) failure to pay minimum wages; (2) failure to compensate for all hours worked; (3) failure to provide legally-compliant meal breaks and rest breaks; (4) failure to pay wages upon termination of employment; and (5) failure to provide accurate itemized wage statements. Based on Defendants' foregoing alleged wage-and-hour violations, Plaintiff prayed for injunctive relief against Defendants. Additionally, Plaintiff pleaded an unfair competition claim against Defendants' pursuant to California Business & Professions Code § 17200 et seq.

Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. See Doc. No. 26. In the motion, Defendants argued that Plaintiff lacked standing to seek injunctive relief because Plaintiff was not currently employed by Defendants. Defendants also argued that the applicable three-year statute of limitations barred Plaintiff's Labor Code claims because Plaintiff filed the claims more than three years after his employment with Defendants was terminated. Defendants submitted evidence showing that

Plaintiff is no longer employed by Defendants and filed his Labor Code claims more than three years after his employment with Defendants was terminated.

The Court ruled on Defendants' motion and made the following two conclusions. See Howell v. Leprino Foods Co., 2020 WL 704778 (E.D. Cal. Feb. 12, 2020) (Doc. No. 53). First, former employees lack standing to seek injunctive relief to ensure their former employer's compliance with the California Labor Code. Second, Plaintiff's Labor Code claims are subject to a three-year statute of limitations for damages and a one-year statute of limitations for penalties.

In light of the evidence submitted by Defendants showing that Plaintiff is no longer employed by Defendants and filed his Labor Code claims more than three years after his employment was terminated, the Court noted that, first, Plaintiff likely lacked standing to seek injunctive relief against Defendants and, second, Plaintiff's Labor Code claims were likely barred by the statute of limitations. However, because Defendants' standing argument was not properly framed under Rule 12(b)(1), and because Defendants' statute of limitations defense relied on evidence that went beyond the face of Plaintiff's complaint in contravention of Rule 12(c), the Court concluded that Defendants' standing and statute of limitations arguments were not suited for adjudication under Rule 12(c).

Accordingly, as for the standing argument, the Court ruled that it would construe the argument under the framework of Rule 12(b)(1), and the Court ordered Plaintiff respond to the argument under the Rule 12(b)(1) framework. As for statute of limitations argument, the Court ruled that it would convert the argument into a Rule 56 summary judgment motion, and the Court ordered Plaintiff to respond to the motion under the Rule 56 framework.

In response to the Court's foregoing order, Plaintiff filed a brief wherein he conceded that he was not currently employed by Defendants and he filed his Labor Code claims more than three years after his employment was terminated. Based on that concession, Plaintiff asserted that he "does not oppose [the dismissal of] the claim for injunctive relief" and he "does not contend he is within the statutory period for the standalone Labor Code causes of action." Doc. No. 55.

///

## II. Legal Standards

**A.    Rule 12(b)(1) and subject-matter jurisdiction.**

Under Rule 12(b)(1), a claim will be dismissed if the federal court lacks subject-matter jurisdiction over the claim. Fed. Rule Civ. Proc. 12(b)(1). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); A–Z Intern. v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003). "[L]ack of Article III constitutional standing requires dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)." Head v. Wilkie, 936 F.3d 1007, 1012 n.4 (9th Cir. 2019).

A defendant may challenge subject-matter jurisdiction in one of two ways: through a "facial attack" or a "factual attack." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). Whereas a facial attack challenges the sufficiency of the plaintiff's allegation to invoke federal jurisdiction, a factual attack challenges the truth of the allegations. Id. When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. Wood v. City of San Diego, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011). The plaintiff must show by a preponderance of the evidence each requirement for subject-matter jurisdiction, and as long as the dispute is not intertwined with an element of the plaintiff's cause of action, the court may resolve any factual disputes itself. Leite, 749 F.3d at 1121.

**B.    Summary judgment under Rule 56.**

Summary judgment under Rule 56 is proper when it is demonstrated that there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate an absence

of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); United States v. Kapp, 564 F.3d 1103, 1114 (9th Cir. 2009). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Anderson, 477 U.S. at 248; Freecycle Sunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. Soremekun, 509 F.3d at 984. Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. See James River Ins. Co. v. Herbert Schenk, P.C., 523 F.3d 915, 923 (9th Cir. 2008); Soremekun, 509 F.3d at 984. If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105-06 (9th Cir. 2000). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Nissan Fire, 210 F.3d at 1103. The opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir. 2008).

The opposing party's evidence is to be believed, and all justifiable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587; Narayan v. EGL, Inc., 616 F.3d 895, 899 (9th Cir. 2010). While a "justifiable inference" need not be the most likely or the most persuasive inference, a "justifiable inference" must still be rational or reasonable. See Narayan, 616 F.3d at

899. Summary judgment may not be granted "where divergent ultimate inferences may reasonably be drawn from the undisputed facts." Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2015); see also Holly D. v. Cal. Inst. of Tech., 339 F.3d 1158, 1175 (9th Cir. 2003). Inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Fitzgerald v. El Dorado Cnty., 94 F.Supp.3d 1155, 1163 (E.D. Cal. 2015); Sanders v. City of Fresno, 551 F.Supp.2d 1149, 1163 (E.D. Cal. 2008). "A genuine issue of material fact does not spring into being simply because a litigant claims that one exists or promises to produce admissible evidence at trial." Del Carmen Guadalupe v. Agosto, 299 F.3d 15, 23 (1st Cir. 2002); see Bryant v. Adventist Health System/West, 289 F.3d 1162, 1167 (9th Cir. 2002). The parties have the obligation to particularly identify material facts, and the court is not required to scour the record in search of a genuine disputed material fact. Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010). Further, a "motion for summary judgment may not be defeated . . . by evidence that is 'merely colorable' or 'is not significantly probative.'" Anderson, 477 U.S. at 249-50; Hardage v. CBS Broad. Inc., 427 F.3d 1177, 1183 (9th Cir. 2006). If the nonmoving party fails to produce evidence sufficient to create a genuine issue of material fact, the moving party is entitled to summary judgment. Nissan Fire, 210 F.3d at 1103.

### III. Discussion

**A.**    **Statute of limitations.**

Plaintiff conceded that he filed his Labor Code claims more than three years after his employment with Defendants was terminated. Further, Plaintiff "does not contend he is within the statutory period for the standalone Labor Code causes of action." Doc. No. 55. Consequently, because Plaintiff's Labor Code claims for damages and penalties are subject to a three-year statute of limitations for damages and a one-year statute of limitations for penalties, Howell v. Leprino Foods Co., 2020 WL 704778, at *4 (E.D. Cal. Feb. 12, 2020) (citing cases and statutes), Plaintiff's Labor Code claims are barred by the statute of limitations. According, the Court will grant summary judgment in Defendants' favor on Plaintiff's remaining Labor Code claims.

**B.     Standing for injunctive relief.**

Plaintiff conceded that he is not currently employed by Defendants. Further, Plaintiff asserted that he "does not oppose [the dismissal of] the claim for injunctive relief." Doc. No. 55. Consequently, because former employees lack standing to seek injunctive relief to ensure their former employer's compliance with the California Labor Code, Howell, 2020 WL 704778, at *5 (citing cases), Plaintiff lacks standing to seek injunctive relief and the Court lacks subject-matter jurisdiction over Plaintiff's claim for injunctive relief. See id. Accordingly, the Court will dismiss Plaintiff's claim for injunctive relief pursuant to Rule 12(b)(1).

**C.     Remaining jurisdiction.**

In Plaintiff's briefing on the issue of whether Plaintiff is no longer employed by Defendants and filed his Labor Code claims more than three years after his employment with Defendants was terminated, Plaintiff raised for the first time the argument that the Court will lack subject-matter jurisdiction over Plaintiff's remaining unfair competition claim once the Labor Code claims are adjudicated. Plaintiff also raised for the first time the argument that the Court should discontinue exercising supplemental jurisdiction over the unfair competition claim.

The Court will not adjudicate Plaintiff's new jurisdictional arguments at this time because the arguments were not properly raised in a motion. The Court's motion procedures are designed to provide the Court with thorough briefing from the parties, which did not occur here as to Plaintiff's new jurisdictional arguments. If Plaintiff wants the Court to adjudicate these new jurisdictional arguments, then Plaintiff should follow the Court's motion procedures. See L.R. 230

# ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 56, judgment is GRANTED in Defendants' favor on Plaintiff's claims for minimum wages (first cause of action), compensation for all hours worked (second cause of action), legally-compliant meal breaks and rest breaks (fourth cause of action), wages

///

paid upon termination (fifth cause of action), and accurate itemized wage statements (sixth cause of action).

2. Pursuant to Rule 12(b)(1), Plaintiff's claim for injunctive relief is DISMISSED.

IT IS SO ORDERED.

Dated:   April 9, 2020                             _____
                                                                    SENIOR DISTRICT JUDGE