UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HOWELL, on behalf of himself and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1–50, inclusive,<br><br>Defendants. | CASE NO. 1:18-cv-01404-AWI-BAM<br><br>ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. No. 65) |

In this class action lawsuit, Andrew Howell is suing two cheese manufacturing companies, Leprino Foods Company and Leprino Foods Dairy Products Company.[1] Before the court is Leprino's motion for judgment on the pleadings, which challenges Howell's lone remaining cause of action for violations of California's unfair competition law. For the reasons that follow, the Court will grant in part and deny in part Leprino's motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is reviewed under the same standard as a Rule 12(b)(6) motion to

---

[1] In their briefing, the parties, including both Defendants (responding as one), make no distinction between the Leprino entities. Rather, the parties treat both Defendants as if they are a single "Leprino" entity. The Court will adopt that practice in this order.

dismiss.  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) (describing the motions as "functionally identical" except for the timing of filing).  The court takes as true the non-moving party's factual allegations and draws all reasonable inferences in that party's favor.  Hines v. Youseff, 914 F.3d 1218, 1227 (9th Cir. 2019); Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005).  Judgment under Rule 12(c) "is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).  While Rule 12(c) does not address "partial" judgments, it is common practice to apply the rule to individual causes of action.  Mays v. Wal-Mart Stores, Inc., 354 F. Supp. 3d 1136, 1141 (C.D. Cal. 2019); Cornejo v. Ocwen Loan Serv'g LLC, 151 F. Supp. 3d 1102, 1107 (E.D. Cal. 2015).  Likewise, although unmentioned in Rule 12(c), a court may grant a motion with leave to amend, but it need not do so if amendment would be futile.  See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006).

## BACKGROUND

Howell filed his lawsuit on April 24, 2018.  Doc. No. 1.  In his complaint, Howell raised seven causes of action on behalf of himself and a putative class:  (1) failure to pay minimum wages, Cal. Labor Code § 1194 and California Industrial Welfare Commission Wage Order 8-2001 ("Wage Order 8"); (2) failure to pay wages for all hours worked, Cal. Labor Code § 204; (3) failure to pay overtime wages, Cal. Labor Code §§ 510, 1194, and Wage Order 8; (4) failure to provide legally compliant meal and rest periods or compensation in lieu thereof, Cal. Labor Code §§ 226.7, 512, and Wage Order 8; (5) failure to pay separation wages, Cal. Labor Code §§ 201–203; (6) failure to furnish accurate wage statements, Cal. Labor Code § 226; and (7) unfair competition law violations, Cal. Bus. & Profs. Code § 17200, et seq.

After answering the complaint, Leprino moved for partial judgment on the pleadings under Rule 12(c), arguing that the first six causes of action were time-barred; that the overtime wages cause of action was also preempted by the Labor Management Relations Act; and that Howell

lacked standing to seek injunctive relief for these causes of action given that he was not currently employed by Leprino.  Doc. Nos. 8 & 26.  The Court granted Defendants' motion on the challenge to Howell's overtime wages cause of action under Rule 12(c), and ordered the parties to further brief Defendants' other challenges under the proper legal frameworks:  Rule 12(b)(1) for the standing challenge, and Rule 56 for the statute of limitations challenge.  Doc. No. 53.  Howell then conceded that he was not currently employed by Leprino and that he filed his Labor Code claims more than three years after his employment ended.  Doc. Nos. 54 & 55.  Accordingly, the Court dismissed Howell's demand for injunctive relief under Rule 12(b)(1), and granted summary judgment in Leprino's favor on Howell's minimum wages, all hours worked, meal and rest period, separation wages, and wage statement causes of action under Rule 56.  Doc. No. 59.

A month later, Leprino filed the Rule 12(c) motion that is currently before the Court.  Doc. No. 65.

## DISCUSSION

Before turning to the merits of Leprino's challenge, the Court will first consider Howell's threshold argument that those merits should not be reached because Leprino's motion is procedurally barred.

### A.   Leprino's motion is not barred under Rule 12(g)(2).

Howell argues that the Court should not consider the merits of Leprino's motion because Rule 12(g)(2) prohibits successive Rule 12 challenges that could have been raised in an earlier motion brought under the rule.  Leprino disagrees with this reading of the law and argues that its motion is procedurally proper in light of Rule 12(h)(2).  The Court agrees with Leprino.

Rule 12(g)(2) states in full that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  Rule 12(h)(2) states in part that the defense of failure to state a claim upon which relief can be granted may be raised "by a motion under Rule 12(c)."  Fed. R. Civ. P. 12(h)(2)(B).  When

3

read together, these provisions indicate that Rule 12(c) motions for failure to state a claim—such as Leprino's instant motion—are exempt from the prohibition on successive motions under Rule 12(g)(2).

Howell has not cited other authority—much less Ninth Circuit authority—for his assertion that successive Rule 12(c) motions cannot be made. A review of the limited case law on this topic shows that district courts have on occasion denied successive Rule 12(c) motions on procedural grounds; however, these decisions have moved past the plain language of Rule 12(g)(2) and (h)(2), and instead relied on the general intent of the Federal Rules of Civil Procedure to marshal orderly and efficient litigation. See, e.g., CRST Expedited, Inc. v. TransAm Trucking, Inc., No. C16-52-LTS, 2018 WL 2016273, at *5 (N.D. Iowa Mar. 30, 2018); Fisher v. Dallas County, No. 3:12-cv-3604-D, 2014 WL 4797006, at *7–9 (N.D. Tex. Sept. 26, 2017). Notably, in contrast, district courts in the Ninth Circuit have declined to do the same. See, e.g., Reilly v. Wozniak, No. CV-18-03775-PHX-MTL, 2020 WL 1033156, at *8–9 (D. Ariz. Mar. 3, 2020) (rejecting reliance on Fisher and considering a second Rule 12(c) motion); Brown v. Alexander, No. 13-cv-01451-RS, 2016 WL 829071, at *5 n.6 (N.D. Cal. 2016) ("While piecemeal litigation is strongly discouraged, and defendants should have brought this in a consolidated motion, they have filed a procedurally proper motion."); see also Palmer v. N.Y. State Office of Court Admin., No. 5:00-cv-00110 (HGM/GHL), 2007 WL 2362360, at *4 (N.D.N.Y. Aug. 13, 2007) (rejecting argument that a third Rule 12(c) motion was foreclosed by Rule 12(g)). Moreover, without addressing this threshold issue, California district courts have regularly considered the merits of successive Rule 12(c) motions. See, e.g., Traba v. Ford Motor Co., No. 2:18-cv-00808-SVW-GJS, 2018 WL 6038302, at *1 (C.D. Cal. June 27, 2018); Jarreau-Griffin v. City of Vallejo, 531 B.R. 829, 831 (E.D. Cal. 2015); JMP Secs. LLP v. Altair Nanotechnologies Inc., 880 F. Supp. 2d 1029, 1032 (N.D. Cal. 2012). The Court will keep with that practice here.[2]

---

[2] Because Leprino's motion was properly brought under Rule 12(c), the Court rejects Howell's characterization of the motion as "forbidden, duplicative, and unnecessary" and will deny his request for sanctions under 28 U.S.C. § 1927 as unfounded and meritless.

**B.     Howell may pursue a UCL claim based on meal and rest period allegations.**

Leprino argues that Howell's UCL cause of action cannot stand on allegations of Labor Code violations that are remedied through civil penalties as this relief is not recoverable as restitution under the UCL. Leprino also argues that the cause of action cannot stand on alleged overtime wages violations because of federal law preemption. Howell agrees with Leprino on many points, but argues that his UCL cause of action can proceed on allegations of meal and rest period violations under California Labor Code § 226.7. The Court agrees with Howell.

### 1.     Legal framework

The UCL generally prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The scope of the UCL's "coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) (internal marks and quoted source omitted). Relevant here, "any business act or practice that violates the Labor Code through failure to pay wages is, by definition (§ 17200), an unfair business practice." Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 178 (2000).

Notwithstanding the broad scope of coverage, remedies under the UCL are limited to injunctive relief and restitution. Clark v. Superior Court, 50 Cal. 4th 605, 610 (2010). In this context, restitution means "the return of money or other property obtained through an improper means to the person from whom the property was taken." Id. at 614. "The object of restitution is to restore the status quo by *returning* to the plaintiff funds in which he or she has an ownership interest." Id. (quoted source omitted). In contrast to restitution, a "penalty" constitutes "a recovery without reference to the actual damages sustained" and is generally not recoverable under the UCL. Id. (internal marks and quoted source omitted). Unpaid wages are generally recoverable as restitution under the UCL because they "are as much the property of the employee who has given his or her labor to the employer in exchange for that property as is property a person surrenders through an unfair business practice." Cortez, 23 Cal. 4th at 178.

**2. Analysis**

In his complaint, Howell alleges that Leprino engaged in "unlawful, unfair and fraudulent business practices and acts" based on violations of the all hours worked requirements of Labor Code § 204; the overtime wages requirements of Labor Code §§ 510 and 1194; the meal and rest period requirements of Labor Code §§ 226.7 and 512; and the separation wages requirements of Labor Code §§ 201–203.  Because each of these alleged violations supports a unique theory of relief, Howell's UCL cause of action is more properly described as four independent UCL claims.[3]

Leprino argues that relief cannot be granted for any of Howell's UCL claims because violation of these Labor Code provisions results in civil penalties that are not recoverable as restitution under the UCL.[4]  Under this challenge, Howell concedes that he may not proceed on UCL claims for alleged violations of the all hours worked and separation wages statutes.  See Byrd v. Masonite Corp., 215 F. Supp. 3d 859, 864–65 (C.D. Cal. 2016) (penalties under § 204 cannot be recovered as restitution); Pineda v. Bank of Am., N.A., 50 Cal. 4th 1389, 1401–02 (2010) (penalties under § 203 cannot be recovered as restitution).  Howell also agrees that he may not further pursue a UCL claim based on overtime wages allegations given preemption of the underlying claim.  See Hall v. Live Nation Worldwide, Inc., 146 F. Supp. 3d 1187, 1204 (C.D. Cal. 2015) (UCL claim preempted along with preempted overtimes wages claim).  The Court will dismiss these claims with prejudice as Howell has failed to state a claim upon which relief can be granted and amendment would be futile under the respective legal standards.

This narrows the parties' dispute to whether Howell may pursue a UCL claim based on allegations of meal and rest period violations.  Under California law, an "employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare

---

[3] This distinction is important, as Rule 12(c) motions are not meant for challenges on less than an entire claim or defense.  Cf. Erhart v. Bofl Holding, Inc., 387 F. Supp. 3d 1046, 1062–63 (S.D. Cal. 2019) (citing cases refusing to entertain Rule 12(c) motions that seek to dispose only part of an individual claim or defense), with Tomlinson v. Indymac Bank, F.S.B., 359 F. Supp. 2d 891 (C.D. Cal. 2005) (granting and denying parts of a Rule 12(c) motion based on separate UCL claims).

[4] While noting that such allegations do not exist, Leprino also contends that Howell cannot sustain a UCL claim based on alleged wage statement violations under California Labor Code § 226.  Because Howell has not made allegations of this kind, the Court will not say more on this matter.

6

Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health." Cal. Labor Code § 226.7(b). If a legally compliant meal or rest period is not provided, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest . . . period is not provided." Cal. Labor Code § 226.7(c).

Whether a UCL claim may be based on meal and rest period allegations is an issue this Court faced in another wage-and-hour class action that was filed against the same defendants. See Bates v. Leprino Foods Co., No. 20-cv-00700-AWI-BAM, 2020 WL 6392562, at *8 (E.D. Cal. Nov. 2, 2020). In the related *Bates* action, the Court determined that § 226.7(c) payments for meal and rest break violations are recoverable under the UCL as restitution for unpaid wages. Id. While there is a lack of broader judicial consensus regarding the proper characterization of § 226.7(c) payments—i.e., wages or penalties—this Court has consistently relied on the California Supreme Court's holding in *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1114 (2007), that the remedy for a § 226.7 violation "is a premium wage intended to compensate employees, not a penalty." See Bates, 2020WL 6392562, at *4–5; Finder v. Leprino Foods Co., No. 1:13-cv-2059-AWI-BAM, 2015 WL 1137151, at *5 (E.D. Cal. Mar. 12, 2015).

Leprino argues that a recent decision of the California Court of Appeal confirms the opposite is true—that § 226.7(c) payments are penalties, not wages. See Naranjo v. Spectrum Sec. Servs., Inc., 40 Cal. App. 5th 444, 473–74 (2019), review granted, 455 P.3d 704 (Jan. 2, 2020) (holding that meal and rest period violations cannot sustain separation wages and wage statement claims). The Court rejected this argument in *Bates*, although it should be noted that the briefing here was completed before that order was issued. 2020 WL 6392562, at *4–5. In *Bates*, the Court acknowledged *Naranjo*'s holding but noted that it also has "no binding or precedential effect" as long as the California Supreme Court's review in *Naranjo* is pending. See Cal. R. Ct. 8.1115(e)(1). Given this, the Court explained that it would not adopt *Naranjo*'s rationale and would instead adhere to its previous determination in *Finder* that § 226.7(c) payments are wages, not penalties. The Court will do the same here, and also adhere to its determination in *Bates* that a UCL claim may be based on violations of § 226.7. Thus, the Court will deny Leprino's motion to

7

the extent that Howell may pursue a UCL claim based on meal and rest period allegations.  If the California Supreme Court reaches a conclusion in *Naranjo* that invalidates the conclusions in *Bates* and *Finder*, Leprino may file a motion for reconsideration based on that decision.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Leprino's motion for judgment on the pleadings (Doc. No. 65) is GRANTED in part and DENIED in part;

2. Howell's UCL claims seeking recovery for Labor Code violations of the all hours worked (§ 204), overtimes wages (§ 510), and separation wages (§ 203) provisions are DISMISSED with prejudice and without leave to amend.  These claims are adjudicated in Leprino's favor.

IT IS SO ORDERED.

Dated:  January 19, 2021

SENIOR  DISTRICT  JUDGE