UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDREW HOWELL, on behalf of himself and on behalf of all other similarly situated individuals**<br><br>**Plaintiff**<br><br>v.<br><br>**LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1–50, inclusive,**<br><br>**Defendants** | CASE NO. 1:18-cv-01404-AWI-BAM<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL DOCUMENTS**<br><br>(Doc. No. 85) |

Currently before the Court is the request of Plaintiff Andrew Howell to file under seal indefinitely, pursuant to Local Rule 141, Defendant Leprino Foods Company's training policies regarding the use of its time clocks and time keeping system, and portions of its Handbook policies, which, under Defendants' representation, contains proprietary and confidential business information. See Doc. 85.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." Id. at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Two

standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. Kamakana, 447 F.3d at 1179-80; see also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010). The "good cause" standard, which is applicable here, presents a lower burden for the party wishing to seal documents. Pintos, 605 F.3d at 678. Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." Id. (quoting Phillips, 307 F.3d at 1213).

Plaintiff suggests there is good cause to seal the portions of the training policies and Handbook policies at issue because they contain "propriety and confidential information, and have been designated as confidential pursuant to the Stipulated Protective Order as agreed to by the Parties." Doc. 85 at 2. Plaintiff identifies these documents as Exhibits A, E, F, G, and H to the Declaration of Ryan A Crist. Having considered the documents at issue and Defendants' lack of opposition to Plaintiff's motion to seal, the Court concludes that Plaintiff has sufficiently shown good cause for filing the documents under seal.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal (Doc. No. 85) is HEREBY GRANTED;
2. Exhibits A, E, F, G, and H to the Declaration of Ryan A Crist, and the references thereto in Plaintiff's Memorandum of Points and Authorities in support of his Motion for Class Certification, shall be filed and maintained under seal; and
3. Plaintiff will e-mail Exhibits A, E, F, G, and H to the Declaration of Ryan A Crist to: ApprovedSealed@caed.uscourts.gov for filing under seal.

IT IS SO ORDERED.

Dated:   March 8, 2022                                     _____
                                                              SENIOR DISTRICT JUDGE