1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW HOWELL, on behalf of himself       No. 1:18-cv-01404-AWI-BAM
     and on behalf of all other similarly situated
12   individuals,
                                                **ORDER DENYING PLAINTIFF'S MOTION**
13              Plaintiff,                      **TO COMPEL DISCOVERY**

14        v.                                    (Doc. 119)

15   LEPRINO FOODS COMPANY, et al.,

16              Defendants.

17

18

19

20        **I.      INTRODUCTION**

21        Currently before the Court is Plaintiff Andrew Howell's ("Plaintiff") Motion to Compel

22   Discovery.  (Doc. 119.)  At issue are Defendant Leprino Foods Company's ("Defendant")

23   responses to Plaintiff's Request for Production of Documents (Set Three), specifically: (1)

24   Defendant's responses to Requests No. 136-147; (2) Defendant's lack of response to Request No.

25   148; and (3) Defendant's response to Request No. 149.  (*Id.*)  The parties filed their Joint

26   Statement Regarding Discovery Disagreement on January 27, 2023 with a supporting declaration

27   from Plaintiff's counsel.  (Docs. 124, 124-1.)  Defendant's counsel subsequently filed supporting

28   declarations.  (Docs. 126, 128.)

The Court deemed the matter suitable for decision without oral argument, vacated the February 10, 2023, hearing date, and the matter is deemed submitted on the papers.  E.D. Cal. L.R. 230(g); (Doc. 127.)  Having considered the parties' briefs and the record in this action, and for the reasons explained below, Plaintiff's motion to compel is denied.

## II.   RELEVANT BACKGROUND

Plaintiff filed this putative class action against Leprino Foods Company, Leprino Foods Dairy Products Company, and Doe Defendants on April 24, 2018.  (Doc. 1.)  Plaintiff alleges that Defendants violated California Labor Codes §§ 201 *et seq.* and California Business and Professions Code §§ 17200 *et seq*. through failure to pay minimum wages, failure to compensate workers for all hours worked, failure to pay overtime wages, failure to provide lawful meal and rest periods, failure to pay wages and waiting time penalties, failure to properly itemize paystubs, unlawful deductions from wages, and acts of unfair competition.  (*Id.*)

On November 28, 2022, Plaintiff served Defendant with his Requests for Production of Documents (Set Three), seeking time and payroll information, personnel files, disciplinary records of the class members, and all video footage Defendant Leprino intends to use at trial of the Tracy facility where class members worked.  (Doc. 124-1, Declaration of Ryan Crist ¶ 2, Ex. A.)  Defendant served its responses without production of responsive documents on January 3, 2023.  (*Id.* ¶ 4, Ex. C.)

Plaintiff's counsel sent a meet and confer letter to defense counsel regarding the lack of document production related to Request Nos. 136-149 on January 13, 2023, and requested the parties discuss via conference call on January 16, 2023.  (*Id.* ¶ 5, Ex. D.)  Defense counsel responded on January 17, 2023, and suggested that the parties discuss these production issues on January 23, 2023.  (*Id.* ¶ 6, Ex. E.)  On January 23, 2023, the parties met and conferred telephonically regarding the production dispute.  (*Id.* ¶ 7-8.)  At this meet and confer, Plaintiff's counsel requested production of class members' time and payroll records in response to Request Nos. 136-147, which Defendant's counsel agreed to provide.  (Doc. 126, Declaration of Lisa M. Pooley Concerning Joint Statement Regarding Discovery Disagreement ¶ 8.)  In response to Plaintiff's counsel's request for a privilege log related to Request No. 149, Defendant's counsel

2

1   informed Plaintiff's counsel that there was nothing to include in a privilege log as no responsive

2   footage existed for that request.  (*Id.*)  Plaintiff's counsel then requested Defendant serve verified

3   supplemental responses, which Defendant's counsel rejected as unnecessary given her view that

4   Defendant's prior responses were proper.  (*Id.*)  Request No. 148 regarding class members'

5   disciplinary records was not discussed at the meet and confer, and Defendant's counsel was not

6   aware of Defendant's non-response until preparing the Joint Statement Regarding Discovery

7   Dispute on January 26, 2023.  (*Id.* ¶ 9.)

8       On January 27, 2023, Plaintiff filed the instant motion to compel, and the parties filed a

9   Joint Statement Re Discovery Disagreement.  (Docs. 119, 124.)  Defendant's counsel filed

10  declarations concerning the parties' Joint Statement.  (Docs. 126, 128.)  The motion was taken

11  under submission.  (Doc. 127.)

12      **III.    LEGAL STANDARD**

13      Broad discretion is vested in the trial court to permit or deny discovery . . . ."  *Hallett v.*

14  *Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  Federal Rule of Civil Procedure 26 provides that

15  parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's

16  claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Information

17  within the scope of discovery need not be admissible in evidence to be discoverable. *Id.*

18  However, the Court must limit the extent of discovery if it determines that (1) the discovery

19  sought is unreasonably cumulative, duplicative or can be obtained from other source that is more

20  convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample

21  opportunity to obtain the information by discovery, or (3) the proposed discovery is outside the

22  permissible scope.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

23      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, any party may serve on any

24  other party a request within the scope of Rule 26(b) to produce and permit the requesting party or

25  its representative to inspect, copy, test, or sample the following items in the responding party's

26  possession, custody or control: any designated documents, electronically stored information or

27  tangible things. Fed. R. Civ. P. 34(a)(1). "For each item or category, the response must either

28  state that inspection and related activities will be permitted as requested or state with specificity

3

1    the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

2          **IV.   DISCUSSION**

3              A.  <u>Meet and Confer</u>

4        Federal Rule of Civil Procedure 37(a)(1) permits a party to move for an order compelling

5    discovery, upon certification that the movant has in good faith conferred or attempted to confer

6    with the opposing party in an effort to obtain the requested discovery without court action. Fed.

7    R. Civ. P. 37(a)(1).  Local Rule 251 requires that a motion made pursuant to Federal Rule of Civil

8    Procedure 37 "shall not be heard unless… the parties have conferred and attempted to resolve

9    their differences."  E.D. Cal. L.R. 251(b).  Local Rule 251 further notes that the meet and confer

10    shall be conducted in "a good faith effort to resolve the differences that are the subject of the

11    motion."  *Id.*

12        It appears that Plaintiff did not adequately meet and confer regarding these requests prior

13    to filing the motion to compel.  While the parties discussed Requests Nos. 136-147 and Request

14    No. 149, Defendant's counsel notes that Defendant's non-response to Request No. 148 was not

15    discussed, and she did not become aware of Defendant's non-response until preparing the Joint

16    Statement on January 26, 2023.  (Doc. 126, Declaration of Lisa M. Pooley Concerning Joint

17    Statement Regarding Discovery Disagreement ¶ 8.)  Given the extensive discovery disputes in

18    this action, and in the interests of judicial and party economy, the Court will consider the merits

19    of Plaintiff's motion to compel. See *Rogers v. Giurbino*, 288 F.R.D. 469, 477-478 (S.D. Cal.

20    2012) (finding that a court can deny a motion to compel solely because of a party's failure to

21    meet and confer prior to filing the motion, but that a court still has discretion to address the merits

22    of the motion despite the failure).  However, the parties are reminded that Federal Rule of Civil

23    Procedure 37 and Local Rule 251 require good faith attempts to resolve differences.  Fed. R. Civ.

24    P. 37(a)(1); E.D. Cal. L.R. 251(b).  The Court now turns to the specific requests at issue.

25              B.  <u>Disputed Requests – No. 136-147</u>

26        Plaintiff's disputed requests seek databases, documents, and personnel files related to time

27    and payroll information of the class members.  Defendant responded to each of these requests

28    identically, informing Plaintiff that it would provide responsive documents by February 28, 2023.

**Plaintiff's Request for Production No. 136**[1]

Any computerized and machine-readable databases, reports and other DOCUMENTS containing payroll information regarding each CLASS MEMBER during the CLASS PERIOD. This request includes, but is not limited to, databases, reports and other DOCUMENTS identifying the employees' job titles, part-time or full-time status, permanent or temporary status, casual and permanent hire dates, initial job assignment and subsequent jobs held, workplace location, work schedules, initial pay rates, any subsequent pay rates or adjustments (including the dates of such subsequent rates or adjustments), amounts and dates of any wages paid, total compensation and other information fields compiled for DEFENDANT's payroll functions. This request includes a key for interpreting ANY codes used to interpret the data, as well as ANY DOCUMENTS describing, explaining or pertaining to the methods and techniques used in compiling, editing, modifying or updating these computer databases.

Defendant's Response to Request for Production No. 136
Defendant will produce responsive documents on or before February 28, 2023.

**Plaintiff's Request for Production No. 137**

Any computerized and machine-readable databases, reports and other DOCUMENTS containing time records and/or original punch records and/or punch detail reports, for each CLASS MEMBER, including records of clock-in

---

[1]    The relevant definitions are:

"DOCUMENT(S)" refers to any written, printed, typed, or other graphic matter of any kind or nature, however produced or reproduced, whether or not sent or received, private or confidential, wherever located, including drafts and copies bearing notations or marks not found on the original; and includes, but is not limited to, all memoranda, reports, financial reports, notes, transcripts, letters, envelopes, telegrams, cables, telex messages, messages (including reports, notes, notations and memoranda of or relating to telephone conversations, telegrams, messages, conversations and any oral communications), tabulations, studies analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, statistical records, desk calendars, appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, books, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, manuals, minutes or transcriptions of meetings, written communications of any type, electronic mail messages (e-mail), photographs, videotapes, audiotapes, microfilm, punch cards, magnetic tape, discs, data cells, drums, printouts, and other data compilations from which information can be obtained, (translated by Defendant into the English language or through detection devices in usable form).

The term "CLASS MEMBERS" is defined as all non-exempt hourly workers who are currently employees, or formerly have been employed, as non-exempt hourly employees at DEFENDANT's Tracy facility at any time during the CLASS PERIOD, excluding individuals who timely and validly opted out of the class.

The term "CLASS PERIOD" shall be defined as the period between April 24, 2014 and March 23, 2022.

"DEFENDANT", "YOU", and "YOUR" refers to Defendant Leprino Foods Company.

(Doc. 124 at 7-8.)

5

1  and clockout times, time worked and meal and rest breaks taken by all CLASS
2  MEMBERS during the CLASS PERIOD.

Defendant's Response to Request for Production No. 137
3  Defendant will produce responsive documents on or before February 28, 2023.

4  **Plaintiff's Request for Production No. 138**
Any computerized and machine-readable databases, reports and other
5  DOCUMENTS reflecting the dates of employment of each CLASS MEMBER
during the CLASS PERIOD, including the start and end dates of their employment
6  with YOU.

7  Defendant's Response to Request for Production No. 138
Defendant will produce responsive documents on or before February 28, 2023.
8

9  **Plaintiff's Request for Production No. 139**
Any computerized and machine-readable databases, reports and other
10  DOCUMENTS reflecting the STRAIGHT TIME RATE (for purposes of these
requests "STRAIGHT TIME RATE" shall mean the hourly wage rate) of each
11  CLASS MEMBER during the CLASS PERIOD, including any changes to their
STRAIGHT TIME RATE(s), during their employment with YOU.
12
Defendant's Response to Request for Production No. 139
13  Defendant will produce responsive documents on or before February 28, 2023.

14
**Plaintiff's Request for Production No. 140**
15  Any computerized and machine-readable databases, reports and other
DOCUMENTS reflecting the REGULAR RATE OF PAY (for purposes of these
16  requests "REGULAR RATE OF PAY" shall mean the hourly rate of pay YOU
paid per hour worked, including shift differentials and the per-hour value of any
17  nonhourly compensation each employee has earned as defined by Labor Code
section 510) for each CLASS MEMBER during the CLASS PERIOD, including
18  any changes to their REGULAR RATE OF PAY during their employment with
YOU.
19
Defendant's Response to Request for Production No. 140
20  Defendant will produce responsive documents on or before February 28, 2023.

21
**Plaintiff's Request for Production No. 141**
22  Any DOCUMENTS reflecting the number of WORKWEEKS (for purposes of
these requests "WORKWEEK(s)" shall mean the time from 12:00 (Midnight)
23  Sunday and ending Saturday at 11:59 p.m.) worked by each CLASS MEMBER
during the CLASS PERIOD.
24
Defendant's Response to Request for Production No. 141
25  Defendant will produce responsive documents on or before February 28, 2023.

26
**Plaintiff's Request for Production No. 142**
27  Any DOCUMENTS reflecting the number of WORKWEEKS worked by each
CLASS MEMBER currently employed by YOU during the CLASS PERIOD.
28

6

1    Defendant's Response to Request for Production No. 142
     Defendant will produce responsive documents on or before February 28, 2023.

2

3    **Plaintiff's Request for Production No. 143**
     Any DOCUMENTS reflecting the number of WORKWEEKS worked by each
4    CLASS MEMBER formerly employed by YOU during the CLASS PERIOD.

5    Defendant's Response to Request for Production No. 143
     Defendant will produce responsive documents on or before February 28, 2023.

6

7    **Plaintiff's Request for Production No. 144**
     Any DOCUMENTS reflecting the number of PAY PERIODS (for purpose of
8    these requests "PAY PERIOD" shall mean each week or weeks a CLASS
     MEMBER worked and was subsequently issued a pay check by YOU) for each
9    CLASS MEMBER during the CLASS PERIOD.

10   Defendant's Response to Request for Production No. 144
     Defendant will produce responsive documents on or before February 28, 2023.

11
     **Plaintiff's Request for Production No. 145**
12   Any DOCUMENTS reflecting the number of MEAL PREMIUMS (for purposes
     of this request "MEAL PREMIUM" shall mean the additional hour of pay paid at
13   the employee's regular rate of compensation as defined by Labor Code section
     226.7 for YOUR failure to provide an employee each CLASS MEMBER a meal
14   period) paid by YOU to each CLASS MEMBER during the CLASS PERIOD and
     the dates reflecting the meal breaks for which those MEAL PREMIUMS were
15   issued.

16   Defendant's Response to Request for Production No. 145
     Defendant will produce responsive documents on or before February 28, 2023.

17
     **Plaintiff's Request for Production No. 146**
18   Any DOCUMENTS reflecting the number of REST PREMIUMS (for purposes of
     this request "REST PREMIUM" shall mean the additional hour of pay
19   paid at the employee's regular rate of compensation as defined by Labor Code
     section 226.7 for YOUR failure to provide, authorize, or permit each CLASS
20   MEMBER a rest period) paid by YOU to CLASS MEMBERS during the CLASS
     PERIOD and the dates reflecting the rest breaks for which those REST
21   PREMIUMS were issued.

22   Defendant's Response to Request for Production No. 146
     Defendant will produce responsive documents on or before February 28, 2023.

23
     **Plaintiff's Request for Production No. 147**
24   Each CLASS MEMBER's personnel file.

25   Defendant's Response to Request for Production No. 147
     Defendant will produce responsive documents on or before February 28, 2023.

26   (Doc. 124 at 7-10.)

27
     Plaintiff contends that Defendant has not produced responsive documents for Requests

28

                                            7

1  No. 136-147 and has only responded that it will "produce responsive documents on or before

2  February 28, 2023" without further explanation.  (Doc. 124 at 11.) Plaintiff argues that

3  Defendant's responses are vague and do not state whether documents will be produced as

4  requested.  (*Id.*)  Plaintiff further argues that the February 28, 2023 production deadline

5  Defendant Leprino set is improper and prejudices Plaintiff.  (Doc. 124 at 11-12.)

6      Defendant Leprino contends that its responses are proper, as it provided unambiguous

7  responses without objections stating that it would produce documents responsive to each request.

8  (Doc. 124 at 13.)  Defendant Leprino further contends that the February 28, 2023 production is

9  permissible under Federal Rule of Civil Procedure 34.  (Doc. 124 at 13-14.)

10      First, the Court finds Plaintiff's argument that Defendant Leprino's responses are vague

11  unconvincing.  Federal Rule of Civil Procedure 34 states that a "response must either state that

12  inspection and related activities will be permitted as requested or state with specificity the

13  grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  Here,

14  Defendant has simply responded that it would produce "responsive documents" as requested by

15  Plaintiff and provides no objections.  Defendant's counsel also notes that during a meet and

16  confer call, she advised Plaintiff's counsel that "Leprino would be producing what was

17  requested" in Requests Nos. 136-147.  (Doc. 126, Declaration of Lisa M. Pooley Concerning

18  Joint Statement Regarding Discovery Disagreement at ¶ 8.)  Defendant's failure to specify any

19  objections here means that any objections they may later attempt to bring are waived.  *Richmark*

20  *Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).  However, the clear

21  language of Defendant's responses, lack of objection, and counsel's reiteration that Defendant

22  would provide responsive documents belie Plaintiff's argument of vagueness.

23      Second, Plaintiff argues that the February 28, 2023 production deadline is improper.

24  Federal Rule of Civil Procedure 34 states that the "responding party may state that it will produce

25  copies of documents or of electronically stored information instead of permitting inspection. The

26  production must then be completed no later than the time for inspection specified in the request or

27  another reasonable time specified in the response."  Fed. R. Civ. P. 34(b)(2)(B).  Here, Plaintiff's

28  Requests did not specify a date for inspection or production.  (Doc. 124-1, Declaration of Ryan

8

Crist, Ex. A.)  Instead, Defendant informed Plaintiff that it would produce responsive documents on or before February 28, 2023.  (Doc. 124 at 7-10.)  Given that the February 28, 2023 date complies with Federal Rule of Civil Procedure 34, production of responsive documents on or before that date would be proper.  As the February 28, 2023 date has not yet passed, Defendant's production is not yet untimely.

Plaintiff's motion to compel Defendant's further response to Request Nos. 136-147 of Plaintiff's Requests for Production of Documents (Set Three) is therefore DENIED.

C. Disputed Request – No. 148

Plaintiff's disputed request seeks written disciplinary records for class members during the class period.  Defendant provided no response to this request.

**Plaintiff's Request for Production No. 148**
All written disciplinary records for the CLASS MEMBERS during the CLASS PERIOD.

Defendant's Response to Request for Production No. 148
No response given.

(Doc. 124 at 14.)

Plaintiff argues that Defendant's failure to respond constitutes a waiver of any objection and Defendant is required to respond to this Request.  (Doc. 124 at 15.)  Defendant contends that the failure to respond was inadvertent, and it will serve the missing response.  (*Id.*)

As the Ninth Circuit has noted, "[i]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp.*, 959 F.2d at 1473.  However, Defendant has not yet responded to Plaintiff's Request and Defendant's counsel states that she "will ensure that a response to Request No. 148 is served prior to the hearing on Plaintiff's Motion to Compel Discovery."  (Doc. 126, Declaration of Lisa M. Pooley Concerning Joint Statement Regarding Discovery Disagreement at ¶ 9.)  Given that Defendant has committed to providing a response, Plaintiff's motion to compel discovery of Request No. 148 is moot.

Plaintiff's motion to compel Defendant's further response to Request No. 148 of Plaintiff's Requests for Production of Documents (Set Three) is therefore DENIED.

1        D.  <u>Disputed Request – No. 149</u>

2        Plaintiff's disputed request seeks video footage of all areas of the Tracy facility where

3    class members worked during the class period that Defendant intends to use at trial.  Defendant

4    objected on attorney-client privilege, work-product doctrine, and early disclosure of evidence

5    grounds and stated that there were no responsive documents as Defendant did not intend to use

6    any video footage at trial.

7        **<u>Plaintiff's Request for Production No. 149</u>**
        All video footage of each area of the Tracy facility where CLASS MEMBERS
8       worked during the CLASS PERIOD that DEFENDANT intends to use at trial.

9       <u>Defendant's Response to Request for Production No. 149</u>
        Defendant objects to this request on the grounds that it violates the attorney-client
10      privilege and/or the attorney work-product doctrine.

11      Defendant also objects to this request on the grounds that it improperly seeks the
        early disclosure of evidence for trial before required by Rule 16 of the Federal
12      Rules of Civil Procedure and Local Rule 281.

13      Subject to and without waiving the foregoing objections and despite a diligent
        search and reasonable inquiry, Defendant is unable to comply with this request on
14      the grounds that it presently has no intention to use any video footage at trial and,
        thus, there are no responsive documents in the possession, custody, or control of
15      Defendant.

16   (Doc. 124 at 15.)

17        Plaintiff argues that Defendant's invocation of privilege without providing a privilege log

18   constitutes waiver of the privilege.  (*Id.* at 16.)  Plaintiff also argues that Defendant's conditioning

19   of its response "subject to" its objections is improper.  (*Id.* at 17.) Plaintiff also contends that

20   Defendant is shielding responsive video surveillance footage behind qualifying language to

21   conduct a trial by ambush.  (*Id.* at 17-18.) Defendant counters that it is not withholding any video

22   based on privilege, and instead the requested video footage does not exist.  (*Id.* at 19.)

23        Defendant has explained that it does not have video footage responsive to the request as

24   propounded by Plaintiff.  Thus, the Court cannot compel documents which do not exist.

25        Plaintiff's motion to compel Defendant's further response to Request No. 149 of

26   Plaintiff's Requests for Production of Documents (Set Three) is therefore DENIED.

27        ///

28        ///

1  **V.   CONCLUSION AND ORDER**

2         For the reasons stated, Plaintiff's motion to compel Defendant Leprino Foods Company to

3  provide further responses to Plaintiff's Request for Production of Documents (Set Three) is

4  DENIED.

5

6  IT IS SO ORDERED.

7      Dated:   **February 27, 2023**              /s/ *Barbara A. McAuliffe*

8                                                  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28