UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HOWELL, on behalf of himself and a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  1:18-cv-01404-JLT-BAM<br><br>**ORDER DENYING PLAINTIFF ANDREW HOWELL'S MOTION TO STAY PROCEEDINGS WITHOUT PREJUDICE**<br><br>(Doc. 140) |

This action proceeds as a class action on Plaintiff Andrew Howell's ("Howell") on-call break claim against Leprino Foods Company and Leprino Foods Dairy Products Company (collectively "Leprino").  On June 9, 2023, Howell filed a motion to stay the case pending the Ninth Circuit's ruling on the appeal following a jury trial in the related case of *Vasquez v. Leprino Foods Co.*, No. 1:17-cv-00796-AWI-BAM (USCA Case No. 23-15778) and global settlement discussions in all Leprino class actions.  (Doc. 140.)  The Court found the matter suitable for resolution without oral argument, and vacated the hearing set for July 14, 2023.  L.R. 230(g).

Having considered the parties' briefs and the record in this action, Howell's motion will be denied without prejudice.

///

1

## I. BACKGROUND

Howell filed this action against Leprino on April 24, 2018. (Doc. 1.) The complaint raised seven causes of action on behalf of himself and a putative class: (1) failure to pay minimum wages, Cal. Labor Code § 1194 and California Industrial Welfare Commission Wage Order 8- 2001 ("Wage Order 8"); (2) failure to pay wages for all hours worked, Cal. Labor Code § 204; (3) failure to pay overtime wages, Cal. Labor Code §§ 510, 1194, and Wage Order 8; (4) failure to provide legally compliant meal and rest periods or compensation in lieu thereof, Cal. Labor Code §§ 226.7, 512, and Wage Order 8; (5) failure to pay separation wages, Cal. Labor Code §§ 201– 203; (6) failure to furnish accurate wage statements, Cal. Labor Code § 226; and (7) unfair competition law ("UCL") violations, Cal. Bus. & Profs. Code § 17200, et seq. (*Id.*) Following rulings on two Rule 12(c) motions and one Rule 56 motion, the only remaining claim for certification was Howell's UCL claim based on alleged meal and rest period violations under Labor Code § 226.7. (Doc. 108 at p. 4.)

On March 23, 2022, the district court certified only Howell's on-call breaks claim for class aggregation under Rule 23. (*Id.*) Howell's class action claim is premised on whether Leprino's uniform policies and practices at its Tracy facility compelled employees to remain on-call during their meal and rest periods. (*Id.* at p. 17.)

On July 6, 2022, the Court issued a supplemental scheduling order, which set the deadlines for merits discovery and dispositive motion filing. Pursuant to that order, the deadline to complete expert discovery was June 23, 2023, and the dispositive motion filing deadline is August 18, 2023. (Doc. 118.) Following reassignment of this action to District Judge Jennifer L. Thurston, the pretrial conference date is set for January 19, 2024, and trial is set for March 26, 2024. (Doc. 139.)

On June 6, 2023, Howell filed the instant motion seeking a stay of all proceedings pending the appeal in *Vasquez* and to pursue global settlement discussions. (Doc. 140.) Relevant here, the *Vasquez* matter proceeded to trial on March 14, 2023. At issue was whether Leprino had a facility-wide practice at its Lemoore West facility between May 8, 2013 and March 31, 2020 that required class members to be on-call during their meal and rest breaks. On April 6,

2023, the jury rendered a verdict for Leprino, finding that Leprino did not have a facility-wide policy at its Lemoore West facility that required the class to be on-call during rest breaks or during meal breaks. (*Vasquez*, 1:17-cv-00796, Doc. 430.) Plaintiffs appealed on May 5, 2023. (*Id.* at Doc. 436.) Leprino filed a conditional cross appeal in the event the Ninth Circuit does not affirm the district court's judgment. (*Id.* at 439.) The opening briefs on the cross-appeals in *Vasquez* are due on August 14, 2023. (Doc. 140-1 at p. 2; Doc. 143-1, Ex. A, Time Schedule Order.)

## II.     LEGAL STANDARD

In deciding whether to issue a stay, the Court applies the standard set forth in *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), which "typically applies to stays of proceedings pending the resolution of a related action in another court." *Flores v. Bennett*, No. 1:22-cv-01003-JLT-HBK, --- F. Supp. 3d ---, 2023 WL 3751998, at *2 (E.D. Cal. June 1, 2023) (citing *Landis*, 299 U.S. at 249-50). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis.*, 299 U.S. at 254 (1936). A court may issue a stay of proceedings in the interests of efficiency and fairness when a "pending resolution of independent proceedings [ ] bear[s] upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864.

The *Landis* factors guide the analysis of when a stay is appropriate; these factors include: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.*" CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis,* 299 U.S. at 255; *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112

3

(9th Cir. 2005).

### III. DISCUSSION

A. Howell's Position

Howell anticipates that the dispositive motions in this case will likely be similar if not identical to the same motions already filed in *Vasquez* and/or the related matter of *Perez v. Leprino Foods Co., et al.*, No.1:17-cv-00686-JLT-BAM. Howell believes that because the same issues in this case are currently on appeal in *Vasquez* and before the Court in *Perez*, it makes "little sense" to force the parties to continue litigating the same issues when the Ninth Circuit will provide guidance on how to proceed forward. (Doc. 140-1 at p. 5.) In particular, Howell indicates that the appeal in *Vasquez* "will resolve numerous legal questions about what it means to provide a proper meal period, what the proper jury instructions are for such a claim, and more." (*Id.*) Howell further indicates that Leprino has cross-appealed "virtually every order related to certification, summary judgment, motions *in limine*, and expert challenges," and "it makes little to no sense to force the Parties to continually litigate the same issue and file the same briefs over again in a vacuum." (*Id.*)

Additionally, Howell contends that Leprino's pending motion for summary judgment or alternatively, decertification in the related matter of *Perez*, which is fully briefed, concerns the same issues. Howell asserts that the motion is massive, and includes arguments advanced by Leprino that have been rejected multiple times by the previously assigned district judge. Howell claims that a decision by the Ninth Circuit in *Vasquez* and by this Court in *Perez* "will likely resolve numerous issues, give guidance on how the Parties can proceed forward, and *hopefully* reduce the scope of Leprino's redundant and erroneous legal challenges." (Doc. 140-1 at p. 6) (emphasis in original).

As to the relevant *Landis* factors, Howell contends: (1) no parties will be damaged by a temporary stay. The next step is for the parties to take expert depositions and file dispositive motions like in *Vasquez* and *Perez*, and they should not have to do this while the same issues are in dispute and pending before the Ninth Circuit. Howell asserts that the same dispositive motions –summary judgment and decertification—are at issue in Leprino's cross appeal in *Vasquez* and

4

the parties will benefit from the Ninth Circuit's guidance; (2) all parties and the Court will face hardship for being forced to move forward and litigate the same issues on appeal, but in a vacuum; and (3) a temporary stay will simplify issues, because the *Vasquez* appeal should narrow the parties' disputes—particularly in light of Leprino's cross-appeal.

Finally, Howell reports that the parties are in the middle of negotiating a global settlement of all cases. Howell asserts that instead of focusing on re-litigating issues that are already pending before the Ninth Circuit, the parties would be better served if their efforts were directed towards meaningful settlement. (Doc. 140-1 at p. 7.)

B. Leprino's Position

Leprino counters that a stay is not warranted, and the *Landis* factors weigh against staying the action. First, Leprino contends that a stay will lead to undue delay, damage to Leprino's reputation and its relationship with its employees and consumers, and harm its ability to adequately defend itself. Leprino contends that witnesses may become unavailable or forget or misremember key details.

Second, Leprino argues that Howell has not demonstrated a clear case of hardship or inequity in requiring to proceed. That Howell will have to prosecute his own case against Leprino does not constitute undue hardship. Leprino further contends that Howell seeks an indefinite stay and has not claimed that the Ninth Circuit will resolve the *Vasquez* appeal in the near future given that briefing has not even begun in the appeal.

Third, Leprino asserts that Howell has not shown that the orderly course of justice warrants a stay of proceedings. According to Leprino, Howell has not stated with any specificity how the appeal in *Vasquez* will clarify or simplify the issues here. Leprino acknowledges that both *Vasquez* and *Perez* involve on-call break claims, but points out that the instant case involves a different Leprino facility with different policies and practices. (Doc. 141 at p. 13.) Leprino also notes that a key defense to the meal-period claims in *Perez* involves a collective bargaining agreement, but a different union represents the class members in this case, and that union negotiated a distinct collective bargaining agreement. (*Id.*) Additionally, Leprino points out that the certified claim in this case arises under California Business and Professions Code section

5

17200, *et seq.* for which there will *not* be a jury trial. Thus, any assertion regarding resolution of the jury instructions on appeal in *Vasquez* is disingenuous because this case will not be tried to a jury. (*Id.* at pp. 6, 13.)

Leprino further argues that case-management concerns do not warrant a stay. Leprino points out that if Howell's counsel had actually been concerned about the Court's resources, then they would have asked to the stay the *Perez* matter pending the resolution of the *Vasquez* appeal.

With regard to global settlement, Leprino avers that there is no indication that global settlement is imminent, and there is no deadline for settlement talks to conclude.

As a final matter, in addition to challenging the stay, Leprino seeks sanctions against Howell's counsel for noticing the instant motion before the magistrate judge and for failing to meet and confer prior to filing the motion.

C. *Landis* Factors

1. Possibility of Damage

The first *Landis* stay factor considers the "possible damage which may result from the granting of a stay" to either party. *CMAX*, 300 F.2d at 268. Leprino first argues that it maintains an interest in expeditiously resolving claims pending against it and that delaying resolution of this matter—after more than five years of discovery, motion practice, and preparation for potential trial—harms its interests. However, delay alone does not constitute prejudice. *Hoopa Valley Tribe v. United States Bureau of Reclamation*, No. 1:20-cv-01814-JLT-EPG, 2023 WL 3481144, at *3 (E.D. Cal. May 16, 2023) (citing *CMAX*, 300 F.2d at 268-69).

Leprino next suggests that a stay may damage its reputation and its relationship with its employees and consumers. (Doc. 141 at pp 8-9.) Leprino premises its argument on an article from 2018. (*Id.* at p. 9; Doc. 141-1, Declaration of Sandra Rappaport, Ex. A.) Given the age of this evidence, the Court finds Leprino's suggestion that a further stay would result in employee or consumer damage is at best speculative.

Leprino also argues that a fair possibility of harm exists from a stay because witnesses will likely forget or misremember key details and witnesses will likely become unavailable. Leprino notes that several of its witnesses have left their employment with Leprino in the more

6

than five years since this litigation began. (*Id.* at p. 9.)

The Court finds persuasive Leprino's argument that the potential for witnesses becoming unavailable, to their memories fading, and to evidence becoming stale could result in damage to Leprino. "Delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Blue Cross and Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (citation and quotation marks omitted). Given that there is a fair possibility of some cognizable harm to Leprino if a stay is entered, the Court must determine whether Howell has made clear case that he will suffer hardship or inequity. *Lockyer*, 398 F.3d at 1112.

      2.   Hardship or Inequity

The second *Landis* factor considers "the hardship or inequity which a party may suffer in being required to go forward." *CMAX*, 300 F.2d at 268. Howell asserts that it would be wasteful to force the parties to litigate the same issues on appeal, but in a vacuum, and with the Ninth Circuit's ruling in *Vasquez*, the parties "will be more informed on how to proceed." (Doc. 140-1 at p. 7.) Howell also cites to the Court's "massive caseload" and urges that moving forward in this case would compound that issue. (Doc. 153-1 at p. 7.)

Leprino counters that Howell's complaint about taking depositions, preparing and filing briefs, and litigating issues does not constitute hardship or inequity. The Court agrees. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.'" *Lockyer,* 398 F.3d at 1112 (quoting *Landis*, 299 U.S. at 255, 57 S.Ct. 163). And if, as Howell claims, *Vasquez* and *Perez* raise issues similar to those in the instant case (*see* Doc. 140-1 at p. 6), then the remaining briefing is likely to be relatively similar, suggesting that it would not pose an additional burden. *Cf. Thomas More L. Ctr. v. Harris*, No. CV 15-3048-R, 2015 WL 13920257, at *1 (C.D. Cal. Aug. 18, 2015) ("If, as she asserts, the two cases are very similar, the discovery is likely to be relatively similar. It is hard to imagine that discovery in this case would pose much of a burden"). To the extent the parties require additional time to brief any dispositive motions due to the impending (or conflicting) deadlines in the *Vasquez* appeal, the Court is willing to consider a request for an extension of the dispositive

7

1 motion deadline supported by good cause.

2 　　　The Court also recognizes that *Vasquez* and *Perez* both involve on-call claims, like those presented here, but it is not evident that the Ninth Circuit's decision in the pending appeal will streamline the issues that the parties must litigate moving forward in this action. Although Howell contends that the appeal in *Vasquez* "will resolve numerous legal questions about what it means to provide meal and rest periods, what the proper jury instructions are for such claims, and more," (Doc. 140-1 at p. 6), Howell does not identify the "legal questions" or explain how the appeal will clarify or simplify any of the issues presented here. Even if the Court accepts Howell's assertion, and the Ninth Circuit provides resolution concerning meal and rest periods or proper jury instructions, that resolution likely will not provide significant guidance on the factual questions presented in this case nor inform the parties' litigation and discovery strategies. *Vasquez* involved Leprino's policies at its Lemoore West facility, whereas this action involves Leprino's policies and practices at its Tracy facility. *Vasquez* was a jury trial, whereas this action arises under the UCL, which is not subject to a jury trial, making guidance on jury instructions less than instructive. *See Hodge v. Superior Court*, 145 Cal.App.4th 278, 284-85 (2006) (concluding no right to a jury trial for a Section 17200 cause of action).

17 　　　Howell also suggests that the issues identified in Leprino's cross-appeal will bear on issues in this case, such as class certification, summary judgment, motions *in limine*, and expert challenges. (Doc. 140-1 at p. 5.) In his reply, Howell posits that if the Ninth Circuit reverses any or all of Judge Ishii's orders and finds his application of class certification principles or California meal and rest breaks law improper in the *Vasquez* matter, then that will have inevitable consequences for each pending class action, the scope of their relevant discovery, the kinds of experts needed, and the heavy dispositive motions on the horizon. (Doc. 143 at p. 6.) Again, Howell provides no real explanation of how this action will be impacted by any ruling in *Vasquez*, which involved a different facility (and admittedly a different set of facts).

26 　　　Howell also suggests that the cross-appeal likely will involve the standard for decertification and whether it will be Howell's burden to present additional and new evidence to prove Federal Rule of Civil Procedure 23 is met again after the merits phase. (Doc. 143 at p. 8.)

8

Howell contends that if the Ninth Circuit reverses the jury verdict, reverses the district judge's ruling related to the standard for decertification, and determines that Howell must obtain additional evidence in the merits phase to establish class certification again, then their litigation approach will be fundamentally altered. (Doc. 143 at p. 8.) Howell queries how he is supposed to advise the Court as to expanded discovery in the merits phase or how the Court is supposed to determine what is relevant and discoverable for Rule 23 before the Ninth Circuit rules on the issue. (Doc. 143 at p. 8.)

The Court is not persuaded that resolution of the decertification question would fundamentally alter the scope and substance of merits discovery on Howell's claims. Merits discovery has long since concluded and the only remaining deadline before trial is the filing of dispositive motions. Moreover, it is unclear to the Court why Howell would not have fashioned his merits discovery already knowing the decertification/summary judgment standard that Leprino reportedly "has made . . . in each case that has reached the merits phase, and there is no doubt it will continue to file the same motion and make the same arguments in its inevitable decertification/summary judgment motions here."  (Doc. 143 at p.8.) Further, the Court is not wholly persuaded that the *Vasquez* appeal will reach the issue of decertification given the conditional nature of the cross-appeal.

Based on the above, the Court does not find that moving forward with this action would cause a potentially unnecessary hardship or inequity.

### 3. Orderly Course of Justice

Finally, the third *Landis* factor considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). A *Landis* stay is inappropriate if another proceeding is "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court." *Lockyer*, 398 F.3d at 1113. Whether the jury verdict in *Vasquez* is upheld or reversed, it will in no way contribute to the decision and issues before this Court. The jury verdict and jury instructions are not determinative in this non-jury matter and the on-call theories here relate factually to a different facility. The fact that the cases

1  are related is not determinative. Howell has suggested that the only potential impact of the appeal
2  would be if the Ninth Circuit reaches certain issues of proof raised by Leprino's conditional
3  cross-appeal. However, Leprino has asserted that the conditional cross-appeal relates only to the
4  on-call theories and facility at issue in *Vasquez*, not the instant action.

5  To the extent Howell asserts that they are in the middle of negotiating a global settlement
6  of all Leprino cases as a reason for issuing the stay, Howell fails to demonstrate why settlement
7  discussions could not proceed during pendency of the appeal or while this action moves forward.
8  No settlement has been scheduled and Howell has not indicated that settlement is imminent or
9  that there is a deadline for settlement discussions to conclude. (*See* Doc. 141-1, Declaration of
10 Sandra L. Rappaport, ¶ 6.)

11     D.    Sanctions

12 Leprino contends that the Court should sanction Howell's counsel for noticing and
13 briefing the matter before the assigned magistrate judge and for failing to meet and confer before
14 filing the motion to stay. (Doc. 141 at pp. 16-17.) As to noticing the motion before the
15 magistrate judge, the district court has determined that this objection "is unfounded, as such
16 motions are non-dispositive and are routinely handled by the assigned magistrate judges in this
17 district." (Doc. 142.) As to Leprino's meet and confer objection, however, the district court
18 directed Howell to either file either (1) a declaration establishing that the meet and confer
19 requirements have been met, (2) a notice withdrawing the motion, or (3) a revised motion after
20 the meet and confer process has been completed. (*Id.*)

21 On June 29, 2023, Plaintiffs filed the declaration of counsel Kitty K. Szeto regarding the
22 parties' meet and confer efforts. (Doc. 143-1). Relevant here, Ms. Szeto declares:

> On May 9, 2023, prior to the filing of this motion, I spoke on the telephone with Defendant Leprino Food Company's ("Leprino") lead counsel, Sandra Rappaport, collectively about all of the Leprino cases, and specifically discussed a stay of all proceedings. I specifically asked her if Leprino would be amenable to a stay of all proceedings in light of the Vasquez appeal and to facilitate settlement discussions. She stated she would discuss with Leprino. Likewise, on May 30, 2023, I sent Ms. Rappaport an e-mail once again proposing a stay and asking if Leprino is willing to stipulate to stay all of the Leprino cases. On May 31, 2023, I had another call with Ms. Rappaport. Ms. Rappaport confirmed receipt of my e-mail and informed me that Leprino is not willing to stay any of the Leprino cases. She rejected my proposal of a stay and confirmed Leprino would decline any stays because it

> wanted "to preserve its litigation advantage." During our call, Ms. Rappaport did not mention any other reasons for not staying the cases and did not mention any concerns that Leprino would somehow actually be prejudiced by a stay. After multiple attempts trying to reach an agreement, I understood Leprino's position would be to oppose a stay, and that a motion would need to be filed.

(*Id.* at ¶ 1.) Given counsel's understanding that Leprino opposed a stay and that a motion would need to be filed, the Court finds that further meet and confer efforts likely would not have yielded different results and that Leprino would continue to oppose any stay request. Accordingly, the Court declines to issue monetary sanctions or the costs of responding to the motion.

### IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Howell's motion to stay is DENIED without prejudice; and
2. Leprino's request for sanctions is DENIED.

IT IS SO ORDERED.

Dated: **July 18, 2023**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

11